1  Tracy L. Mainguy, Bar No. 176928
   Operating Engineers Local Union No. 3 Trust Funds - Multi-Services
2  1620 South Loop Road
   Alameda, CA 94502
3  (510) 748-7474

4  Attorney for Plaintiffs

5              UNITED STATES DISTRICT COURT

6        FOR THE NORTHERN DISTRICT OF CALIFORNIA

7             (SAN FRANCISCO HEADQUARTERS)

8

9  GIL CROSTHWAITE and JOHN BONILLA, )   Case No.: C 06-05286 MMC
   in their respective capacities as Trustees of the )
   OPERATING ENGINEERS HEALTH AND )     **STIPULATION FOR ENTRY OF**
10 WELFARE TRUST FUND FOR )             **JUDGMENT AGAINST DEFENDANTS**
   NORTHERN CALIFORNIA; PENSION )       **TRETHEWAY, INC. AND TRACY**
11 TRUST FUND FOR OPERATING )           **GLENN PHILLIPS; ORDER THEREON**
   ENGINEERS; PENSIONED OPERATING )
12 ENGINEERS HEALTH AND WELFARE )
   FUND; OPERATING ENGINEERS )
13 ANNUITY TRUST FUND; OPERATING )
   ENGINEERS AND PARTICIPATING )
14 EMPLOYERS PRE-APPRENTICESHIP; )
   APPRENTICE AND JOURNEYMAN )
15 AFFIRMATIVE ACTION TRAINING )
   FUND; OPERATING ENGINEERS )
16 VACATION AND HOLIDAY PLAN; )
   CONTRACT ADMINISTRATION FUND; )
17 OPERATING ENGINEERS MARKET )
   PRESERVATION FUND; OPERATING )
18 ENGINEERS INDUSTRY STABILIZATION )
   TRUST FUND; BUSINESS )
19 DEVELOPMENT TRUST FUND; and )
   HEAVY AND HIGHWAY COMMITTEE, )
20                                      )
                                        )
21                                      )
          Plaintiffs,                   )
22        vs.                           )
                                        )
23 TRETHEWAY, INC.; TRACY GLEN )
   PHILLIPS; AMERICAN CONTRACTORS )
24 INDEMNITY COMPANY; TRAVELERS )
   CASUALTY AND SURETY COMPANY OF )
25 AMERICA,                            )
                                        )
          Defendants.                   )
   _____ )

Plaintiffs GIL CROSTHWAITE and JOHN BONILLA, in their respective capacities as Trustees of the OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, PENSION TRUST FUND FOR OPERATING ENGINEERS, PENSIONED OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND, OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PRE-APPRENTICESHIP, APPRENTICE AND JOURNEYMAN AFFIRMATIVE ACTION TRAINING FUND, OPERATING ENGINEERS VACATION AND HOLIDAY PLAN, OPERATING ENGINEERS CONTRACT ADMINISTRATION TRUST, OPERATING ENGINEERS MARKET PRESERVATION FUND, OPERATING ENGINEERS INDUSTRY STABILIZATION TRUST FUND, BUSINESS DEVELOPMENT FUND and HEAVY AND HIGHWAY COMMITTEE ("Plaintiffs") and Defendants TRETHEWAY, INC. and TRACY GLENN PHILLIPS (collectively referred to as "Defendants") do hereby stipulate and agree as follows:

## RECITALS OF FACT

1.      At all times relevant hereto, TRETHEWAY, INC., was, and is, bound to a written collective bargaining agreement with Operating Engineers Local Union No. 3 of the International Union of Operating Engineers entitled "INDEPENDENT Northern California Construction Agreement for Northern California".  The collective bargaining agreement incorporates by reference the Master Agreement For Northern California between the Operating Engineers Local Union No. 3 of the International Operating Engineers, AFL-CIO and Associated General Contractors of California, Inc., Association of Construction employers, Association of Engineering Construction Employers, Engineering and Utility Contractors Association and Industrial Contractors UMIC, Inc. ("Master Agreement"), and the Trust Agreements referenced in the Master Agreement.

2.      Pursuant to the Master Agreement, THRETHEWAY, INC. is required to make contributions to each of the above-captioned Operating Engineers Trust Funds for each hour of

---

STIPULATION FOR ENTRY OF JUDGMENT; ORDER THEREON;
Case No. C 06-05286 MMC

work performed by its employees, who are covered by the Master Agreement.  The Operating

Engineers Trust Funds utilize a self-reporting system to collect contributions.  The signatory

employers must submit monthly reports by the 15th day of the month after which the work

covered by the Master Agreement was completed indicating the number of hours worked by their

covered employees that month and the contributions owed as a result of such work being

performed.  Failure to remit the contributions results in damages of fifteen percent of the

contributions being assessed against the employer.  The principal of TRETHEWAY, INC.,

TRACY GLENN PHILLIPS, personally guaranteed the amounts payable by the Operating

Engineers Trust Funds to TRETHEWAY, INC. pursuant to TRETHEWAY, INC.'s collective

bargaining agreement with the Union and the Master Agreement and Trust Agreements

incorporated therein.

   3. During the period beginning July of 2004 to date, the employees of

TRETHEWAY, INC. performed covered work based upon which TRETHEWAY, INC. reported

that TRETHEWAY, INC. owes the Operating Engineers Trust Funds the sum of $121,102.61.

The calculation of the aforementioned liability is based solely on the Employer Reports of

Contributions remitted by THRETHEWAY, INC. indicating the number of hours in the relevant

month and contributions owed as a result of such work being performed.  TRETHEWAY, INC.

failed to remit the payments owed for the corresponding Employer Reports of Contribution by

the fifteenth day of the month after which the work was performed.  Therefore, the Defendants,

and each of them, owe liquidated damages and interest in the amount totaling $106,442.42 to the

Operating Engineers Trust Funds.

   4. In light of TRETHEWAY, INC.'s failure to pay contributions and liquidated

damages owed to the Operating Engineers Trust Funds, questions arose concerning the lack of

compliance by TRETHEWAY, INC. with the provisions requiring the prompt and correct

payment of all Trust Fund contributions.  Good cause appearing, as a consequence, two audits

were conducted of TRETHEWAY, INC.'s books and records in accordance with the provisions of the Trust Agreements.  The first audit revealed that TRETHEWAY, INC. owes unpaid fringe benefit contributions to the Trust Funds in the amount of  $17,187.40, and liquidated damages and interest in the amount of $7,658.06, to the Plaintiffs based upon hours of work that were under-reported to the Trust Funds.   The first audit also revealed that TRETHEWAY, INC. owes the Pensioned Operating Engineers Trust Funds the sum of $53,780.93 based upon its violations of the provision of the Master Agreement that prohibits TRETHEWAY, INC. from hiring non-union subcontractors to perform covered work.  The second audit revealed that TRETHEWAY, INC. owes unpaid fringe benefit contributions to the Trust Funds in the amount of $12,620.76 and unpaid liquidated damages and interest in the amount of $4,972.68 to the Plaintiffs.  TRACY GLENN PHILLIPS is liable for the audit shortages pursuant to the personal guarantee described above.  Demand was made for payment of the amounts determined to be due and owing pursuant to the audits, Defendants, and each of them, refused to pay such amounts.

5.    The Trust Funds have incurred attorney's fees and costs in amount of $7,823.00 relating to the above-captioned matter.  Section 22.02.00 of the Master Agreement provides for the recovery of reasonable attorneys' fees and costs in an action to recover a delinquent balance due.

6.    The parties hereto, with the intent to avoid the costs and time of litigation, agree as follows:

**TERMS OF STIPULATION**

**7.**    Both TRETHEWAY, INC. and TRACY GLENN PHILLIPS agree that they owe the Operating Engineers Trust Funds the following amounts: (1) reported, delinquent principal contributions in the amount of $121,102.61; (2) liquidated damages and interest in the amount of $106,442.42 relating to reported, delinquent contributions; (3) unpaid principal contributions, liquidated damages and interest that the first audit revealed are owed by the Defendants in the total amount of $24,845.46; (4) unpaid principal contributions, liquidated damages and interest

that the second audit revealed are owed by the Defendants in the total amount of $17,593.44; (5)

the sum of $53,780.93 revealed as owed by TRETHEWAY, INC. by the first audit that is

payable to the Pensioned Operating Engineers Health And Welfare Fund based upon its

violations of the provision of the Master Agreement that prohibits hiring non-union

subcontractors to perform work covered by the collective bargaining agreementand; and (6)

attorney's fees and costs in the amount of $7,823.00.  **The Defendants, and each of them,
agree that judgment will be entered against both TRETHEWAY, INC. and its principal,
TRACY GLENN PHILLIPS, in this action in the amount of $331,587.86.**  Immediately after

entry of the judgment, the Plaintiffs will establish lien rights in the their personal property by

recording the judgment with the Secretary of State and in their real property by recording the

judgment with the County Recorder of any and all counties where the Defendants, and each of

them, may have, or obtain in the future real property.

**8.**     The Plaintiffs agree not to levy against the personal or real property of the

Defendants, if and only if, the Defendants timely make all payments required by paragraphs 9,

10, 11 and 13 of this Stipulation.

**9.**     Moneys from the Maxine Hong job totaling $81,000.00 shall be paid by

TRETHEWAY, INC. and/or TRACY GLENN PHILLIPS to the Operating Engineers as follows:

(1) the sum of $31,369.26 will be paid in September of 2006; (2) the sum of $4,315.37 will be

paid no later than October 10, 2006; (3) the sum of $4,315.37 will be paid by October 22, 2006;

and (4) the sum of $41,000.00 will be paid no later than January 1, 2007.  **All Payments under
this paragraph will be by check made payable to "Operating Engineers Trust Funds" and
directed to the attention of Tracy L. Mainguy at 1620 South Loop Road, Alameda,
California.**

/ / / / /

**10.** TRETHEWAY, INC. and/or TRACY GLENN PHILLIPS will pay moneys paid to TRETHEWAY, INC. relating to the Elkgrove Job in the amount of $58,000.00 to the Operating Engineers Trust Funds on or before January 1, 2007. **All Payments made under this paragraph will be by check made payable to "Operating Engineers Trust Funds" and directed to the attention of Tracy L. Mainguy at 1620 South Loop Road, Alameda, California.**

**11.** TRETHEWAY, INC. and/or TRACY GLENN PHILLIPS will pay the sum of $139,366.65[1] to the Operating Engineers Trust Funds as follows. TRETHEWAY, INC. and/or TRACY GLENN PHILLIPS will pay the Operating Engineers Trust Funds the sum of $7,500.00 upon the execution of this agreement. TRETHEWAY, INC. and/or TRACY GLENN PHILLIPS will make an additional payment of $7,500.00 to the Operating Engineers Trust Funds on or before November 30, 2006. Thereafter, Defendants will make monthly installment payments in the amount of $6,600.00 per payment. The $6,600.00 installment payments commence on December 15, 2006, and thereafter are due on the 15th day of each consecutive month thereafter, until the total amount paid under the Stipulation, which equals $278,366.65[2], is paid in full. **All Payments made under this paragraph will be by check made payable to "Operating Engineers Trust Funds" and directed to the attention of Tracy L. Mainguy at 1620 South Loop Road, Alameda, California.**

**12.** Failure to make any of the payments required under paragraphs 9, 10, and /or 11 of this Stipulation in a timely manner constitutes a default of the Defendants', and each of their, obligations under this agreement. In the event that the Defendants are in default, then the

---

[1] This figure was calculated as follows: delinquent, reported principal balance on the account ($121,102.61), plus the total liability for the two payroll audits ($96,219.83), less the amounts payable under paragraphs 9 and 10 of the Stipulation from the Maxine Hong and Elkgrove Job, respectively ($81,000 + $58,000), plus one half of the outstanding liquidated damages and interest ($53,221.21), plus Plaintiffs' attorney's fees and costs relating to the above-referenced lawsuit ($7,823.00) [$121,102.61 + $96,219.83 - $81,000.00 - $58,000.00 + $53,221.21 + $7,823.00].

[2] This figure includes the amounts payable from the Maxine Hong Job and the Elksgrove Job.

---

STIPULATION FOR ENTRY OF JUDGMENT; ORDER THEREON;
Case No. C 06-05286 MMC

Plaintiffs, without notice to the Defendants, will immediately have the right to take any all legal steps, by levy or otherwise, to execute and collect the judgment in the amount remaining unsatisfied against TRETHEWAY, INC. and/or TRACY GLENN PHILLIPS.

13.     From the date of the execution of this Stipulation forward, the Defendants, and each of them, agree to comply with the requirements contained in applicable Trust Agreements by submitting on or before the 15th day of the day after the end of the month, both an Employer Report of Contributions detailing the individuals who performed work covered by the THRETHEWAY, INC.'S collective bargaining agreement with Operating Engineers Local Union No. 3, the number of covered hours worked during that work month and the amount owed to the Operating Engineers Trust Funds as a result, along with a check made payable to the "Operating Engineers Trust Funds" for the corresponding amount due.  In the event that TRETHEWAY INC.'S employees do not perform any covered work during a particular work month, then, and in that event, the Defendants, on or before the 15th day of the day after the end of that work month, shall submit an Employer report of contributions indicating that no covered work was performed.  Failure to make any payment due under this paragraph, and the collective bargaining agreement and trust agreements referenced in the collective bargaining agreement, by the twenty-fifth (25th) day of the month in which it was originally due will constitute a default of the terms of this Stipulation.  In the event that the Defendants are in default, then the Plaintiffs, without notice to the Defendants, will immediately have the right take any all legal steps, by levy or otherwise, to execute and collect the judgment in the amount remaining unsatisfied against TRETHEWAY, INC. and/or TRACY GLENN PHILLIPS.

14.     If and only if the Defendants, and each of them, make each of the payments described in paragraph 9, 10, 11 and 13 of this Stipulation in a timely manner, and do not default under their obligations stated in paragraph thirteen (13) of this Stipulation for a year, then the Plaintiffs will waive liquidated damages and interest in the amount of $53,221.21, which is one-

half of the $106,442.42 of liquidated damages and interest owed to Plaintiffs by Defendants, and each of them.

15.     Defendant, and each of them, will bear its own legal costs, if any, associated with the above-captioned matter.  In the event that the Defendants default on any of the obligations set forth in paragraphs 9, 10, 11 and/or 13 in of this Stipulation, then Plaintiffs are entitled to amend the judgment entered to include the amount of their reasonable attorney's fees relating to this matter and their reasonable attorney's fees incurred as a result of the Defendants' breach(s).

16.     Both parties had the opportunity to review the terms of this Stipulation with legal counsel of their choice before executing it, and entered the Stipulation voluntarily after reading the entire Stipulation.

17.     Fax signature of the parties to this Stipulation and their counsel, if any, shall be valid and enforceable.  This document may be executed in counterparts.

18.     This Agreement shall be binding upon the parties, and their related affiliates and respective successors and assigns, and shall inure to the benefit of each of the persons and entities named herein, each of their heirs, administrators, representatives, executors, successors and assigns.

/ / / / / /

19.     This Agreement embodies the entire Agreement between the parties hereto.  All prior understandings and agreements by and between the parties hereto are merged into and superseded by this Agreement and no party released herein shall be bound by or liable for any statement, representation, promise, inducement or understanding of any kind or nature not set forth herein.  This Agreement is the product of negotiation and preparation by and amount the parties hereto and their attorneys, if any.  Therefore, the parties acknowledge and agree that this Agreement shall not be deemed to have been prepared or drafted by one party or another, and that it shall be construed accordingly.  In the event that one or more of the provisions, or portions of this Agreement is determine to by illegal or unenforceable, the remainder of this Agreement shall not be affected hereby and each remaining provision or portion thereof shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

RESPECTFULLY SUBMITTED.

Dated this 16th day of November of 2006

By:_____/s_____
WAYNE E. MCBRIDE
COLLECTION MANAGER
OPERATING ENGINEERS TRUST FUNDS

Approved by:

Dated this 17th day of November of 2006

OPERATING ENGINEERS LOCAL UNION NO.
3 TRUST FUNDS – MULTI-SERVICES

By:_____/s_____
TRACY L. MAINGUY
ATTORNEY FOR PLAINTIFFS
OPERATING ENGINEERS TRUST FUNDS

Dated this 17th day of November of 2006

By:_____/s_____
TRACY GLENN PHILLIPS, PRESIDENT
THRETHEWAY, INC.

//////

STIPULATION FOR ENTRY OF JUDGMENT; ORDER THEREON;
Case No. C 06-05286 MMC

- 9

Dated this 17th day of November of 2006

By:_____/s_____
TRACY GLENN PHILLIPS, individually
and personally

## ORDER

Based upon the above-stated Stipulation, which is incorporated herein and made an order of this Court, judgment in the amount of $331,578.86 will be entered forthwith by the Court against Defendant TRETHEWAY, INC. and Defendant TRACY GLENN PHILLIPS. Additionally, the Court will retain jurisdiction to enforce the terms of the Stipulation.

DATED: November 22, 2006

_____
MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE